JENNIFER A. FORNETTI, ESQ.
Nevada Bar No. 7644
FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
E-mail Address: jfornetti@fisherpillips.com
Attorney for *Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEREK CIRILO, | CASE NO.: 2:26-cv-00307-CDS-BNW |
| Plaintiff(s), | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| RESORTS WORLD LAS VEGAS, LLC, | |
| Defendant(s). | |

**IT IS HEREBY STIPULATED** by and between the Parties to *Derek Cirilo v. Resorts World Las Vegas, LLC* (Case No. 2:26-cv-00307-CDS-BNW), by Derek Cirilo, individually and Resorts World Las Vegas, LLC by and through its counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1.    **Definitions.**

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.    "Proceeding" means the above-entitled proceeding, Case No. 2:26-cv-00307-CDS-BNW.

b.    "Court" means the Hon. Brenda Weksler, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.    "Confidential" means any information which is in the possession

1

FP 64130415.3

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada  89101

of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d.      "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.      "Designating Party" means the Party that designates Materials as "Confidential."

f.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g.      "Documents" means any "writing," "recording," and "duplicate" as those terms are defined by the Federal Rules of Evidence, Rule 1001.

h.      "Information" means the content of Documents or Testimony.

i.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

j.      "Publicly Available or Open-Source Artificial Intelligence Platform" means any system in which information provided by a user may be retained, used for training, shared with other users, or otherwise disseminated beyond the control of the parties and their counsel. Examples of such systems include, but are not limited to, ChatGPT, Google Gemini, Microsoft Copilot, Claude, and similar publicly accessible generative artificial intelligence services. The examples listed above are illustrative only and do not limit the scope of the prohibition. the use of artificial intelligence tools that operate entirely within a secure environment controlled by a party, its counsel, or a vendor retained in this litigation, provided that:

i.      The materials are not used to train publicly available models;

ii.      the materials are not disclosed to third parties except those

2

FP 64130415.3

bound by this Order; and

iii.    reasonable measures are taken to ensure confidentiality consistent with the Federal Rules of Civil Procedure and any protective order entered in this case.

**2.    <u>Scope.</u>**

a.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

b.    The protections conferred by this Stipulation and Protective Order cover not only Confidential Materials (as defined above), but also (1) any confidential information copied or extracted from Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials. However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

c.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

FP 64130415.3

**FISHER & PHILLIPS LLP**
300 S Fourth Street, Suite 1500
Las Vegas, Nevada  89101

**3.      Designating Confidential Material.**

Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b.      For Testimony given in depositions the Designating Party may either:

i.      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii.      designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c.      For Testimony given in other pretrial or trial proceedings, the Designating Party shall identify on the record, before the close of the hearing or other proceeding, all protected testimony.

d.      For Information produced in some form other than Documents,

FP 64130415.3

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

**4.** **Designation of Documents Produced by Third Parties.**

a. Designation by Third-Party. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

b. Designation by Party. Any Party may designate as "CONFIDENTIAL" any document that is produced or disclosed without such designation by any third party within thirty (30) days of production of such document (or such other time as may be agreed in writing), provided that such document contains Confidential Information which was not redacted.

i. Parties to the Proceeding may designate such documents as "CONFIDENTIAL" by sending written notice of such designation, accompanied by copies of the designated document bearing the "CONFIDENTIAL" stamp, to all other Parties in possession or custody of such previously undesignated document. Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall,

FP 64130415.3

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

5

within ten (10) calendar days of receipt of such notice (or such other time as may be agreed in writing), either (a) destroy all undesignated copies of such document in their custody or possession, or (b) alternately shall affix the "CONFIDENTIAL" stamp to all copies of such designated document in their custody or possession.

ii.    Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

**5.    Inadvertent Failure to Designate.**

The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

6

FP 64130415.3

or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

**6.      Challenging Confidentiality Designations.**

a.      <u>Objection and Meet and Confer</u>. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and the Designating Party must reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation.  The parties may proceed to the next stage of the challenge process only if they have engaged in this meet and confer process first or establish that the other party is unwilling to participate in the meet and confer process in a timely manner.

b.      <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion identifying the designated material and setting forth in detail the basis for the

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada  89101

7

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

designation (the "Designation Motion"). The Designation Motion must be accompanied by a competent declaration affirming that the movant and opposing party have complied with the meet and confer requirements imposed in the preceding paragraph. The Designation Motion must be filed within 30 days of the end of the parties' meet and confer process. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation.

c.    In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

**7.    <u>Access to Confidential Materials.</u>**

Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.    the Court;

b.    Plaintiff Derek Cirilo;

c.    Any individual defendants;

d.    the jury participants serving in this Proceeding;

e.    (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to

8

its terms;

f.    those officers, directors, partners, members, employees and agents of all non-Designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

g.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

h.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

i.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

j.    mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit B. Additionally, any counsel who

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada  89101

9

FP 64130415.3

discloses Confidential Materials to any mock jury participants must agree to personally ensure that the mock jury participants are not able to handle the Confidential Materials, copy the Confidential Materials, or duplicate the Confidential Materials in any way, including in notes or photographs.

k.      outside expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

l.      any other person that the Designating Party agrees to in writing.

**8.      Ability to Modify or Seek Relief From This Stipulation and Protective Order.**

a.      Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

b.      Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

i.      operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

ii.      prejudice in any way the right of any Party (or any other

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada  89101

10

person subject to the terms of this Stipulation and Protective Order):

    1. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

    2. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

**9. <u>Use of Confidential Materials</u>**

a. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

b. <u>Filing Confidential Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Materials. A Party that seeks to file under seal any Confidential Materials must comply with Local Rule IA 10-5. Confidential Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Materials at issue. If a Receiving Party's request to file Confidential Materials under seal pursuant to with Local Rule IA 10-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

c. <u>Use of Confidential Materials at Trial.</u> The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and may move the Court for entry of an appropriate order.

d. <u>Use of Artificial Intelligence Tools.</u> Consistent with the Order

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

11

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

Granting Stipulated Discovery Plan and Scheduling Order [ECF 13], the parties and their counsel shall not upload, submit, input, or otherwise disclose any Confidential Material produced or exchanged in this action to any Publicly Available or Open-Source Artificial Intelligence Platform, generative artificial intelligence tool, or large language model. **Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.**

e.      Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

**10.      Confidential Material Subpoenaed or Ordered Produced in Other Litigation.**

If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

**11.      Duration.**

FP 64130415.3

a.      This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

b.      Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court, one copy of each deposition together with the exhibits marked at the deposition, one copy of trial and hearing transcripts, and one copy of expert consultant reports and work product), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

c.      Whether the Confidential Material is returned or destroyed, the receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline confirming that all the Confidential Material was returned or destroyed and affirming that the receiving Party has not retained any copies, abstracts,

13

FP 64130415.3

compilations, summaries or any other format reproducing or capturing any of the Confidential Material, subject to the terms of this Stipulation and Protective Order. Notwithstanding this provision, counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of correspondence, one copy of each pleading filed with the Court, one copy of each deposition together with the exhibits marked at the deposition, one copy of trial and hearing transcripts, and one copy of expert consultant reports and work product.

**12.    <u>Miscellaneous.</u>**

a.      If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

b.      Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

c.      Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

d.      This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this

FP 64130415.3

Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

e.       After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

f.       The Parties and all signatories to the Certification attached hereto as Exhibit A and B agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

15

FP 64130415.3

g.      This Stipulation and Protective Order may be executed in counterparts.

**SO STIPULATED.**

Dated this 9th day of  June 2026.

| **PLAINTIFF** | **FISHER & PHILLIPS LLP** |
|---|---|
| _/s/ Derek Cirilo_ | _/s/  Jennifer A. Fornetti_ |
| Derek Cirilo | Jennifer A. Fornetti, Esq. |
| 3399 Sandbar Dr. | 300 S. Fourth Street, Suite 1500 |
| Box 2558 | Las Vegas, NV 89101 |
| Crystal Beach, TX 77650 | jfornetti@fisherphillips.com |
| derekcirilo@gmail.com | |
| | *Attorneys for Defendant* |
| *Pro Se Plaintiff* | |

IT IS SO ORDERED. Additionally, all motions to seal must comply with Local Rule IA 10-5, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

_____
UNITED SATES MAGISTRATE JUDGE

 June 10, 2026
_____
DATED

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada  89101

16

FP 64130415.3

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Derek Cirilo v. Resorts World Las Vegas, LLC (Case No. 2:26-cv-00307-CDS-BNW)*. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Material, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

DATED: _____    BY: _____
                                                                    Signature
                                         Title _____

                                         Address _____

                                         City, State, Zip _____

                                         Telephone _____

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

17

FP 64130415.3

**EXHIBIT B**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], understand I may be shown or told confidential information that is part of a lawsuit currently pending in Nevada District Court. A Stipulation and Protective Order governing this confidential information has been entered by the Court in this lawsuit. I understand the Stipulation and Protective Order is available for my review upon my request and a copy has been made available for my review.

I agree to not take any documents or materials that may contain confidential information from the proceeding, to not take any notes concerning any Confidential Information away from the proceeding, and to keep any information learned during the proceeding confidential.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

DATED: _____    BY: _____

Signature

Title _____

Address _____

City, State, Zip _____

Telephone _____

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

18

FP 64130415.3